

**RECEIVED**

JAN 02 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE, ) | No. 1:25-cv-00005 |
| **Plaintiff,** ) | Judge Steven C. Seeger |
| v. ) | Magistrate Judge Young B. Kim |
| ) | RANDOM / Cat. 2 |
| SGT. P.O. Keith Olson # 1560, P.O. ) | |
| Detective William Burke # 20652, P.O. ) | |
| Jackson Lee #12639, P.O. Esteban Ramos ) | |
| #12934, P.O. Waldemar Gorczyca # 17160, ) | |
| P.O. Brandon Baylian # 3361 as well as other ) | **MAGISTRATE JUDGE** |
| JOHN DOE Chicago Police Officers not ) | |
| already identified Individually, and ) | |
| THE CITY OF CHICAGO, ) | **JURY DEMANDED** |
| **Defendants,** ) | |
| ) | |
| ) | |

---

# CIVIL COMPLAINT

**Now comes the Plaintiff,** Kevin Sroga, who complains to this Court whereby

stating as follows:

## INTRODUCTION

1.      This action is being brought pursuant to the Laws of the United States Constitution,

specifically, under 42 U.S.C 1983, and the laws of the State of Illinois, to redress deprivations of

the Civil Rights of plaintiff that were accomplished by acts and/or omissions that the defendants

committed under color of state law.

2.      This is a civil action seeking damages against these aforementioned defendants

for committing acts under color of state law, whereby depriving plaintiff of rights and

immunities secured to him under the constitution and the laws of the United States.

## JURISDICTION

3.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section

1

1983, the Judicial Code, 28 U.S.C. & 1331 and 1343 (a); the Constitution of the United States;

and pendent jurisdiction as provided under U.S.C. Section 1367 (a).

4.      Venue lies in the United States District Court, Northern District of Illinois pursuant to

28 U.S.C. section 1391, because all events or omissions giving rise to these claims occurred in

this District.

## PARTIES

5.      At all times herein mentioned, Plaintiff **JOHN DOE ("DOE")** or ("Plaintiff") is a

reasonable person who has always been a citizen of the United States residing within the

City of Chicago and in jurisdiction of this Court.

6.      At all times herein mentioned, Defendant Chicago Police Officer Sgt. **Keith Olson**

**Star # 1560 ("OLSON")** was employed as a Supervising Police Sgt. for the City of

Chicago who was acting under color of state law as the employee, agent, and or a

representative for the City of Chicago, Department of Police who deprived Plaintiff of

rights, privileges, and immunities secured to him under the laws enacted hereunder the

Constitution of the United States. This Defendant is being sued in his individual/

official/personal capacities.

7.      At all times herein mentioned, Defendant Chicago Police Officer **William Burke**

**Star # 20652 ("BURKE")** was employed by the City of Chicago, Department of Police

as a Detective who was acting under color of state law as an employee, agent, and or a

representative for the City of Chicago that deprived Plaintiff of rights, privileges and

immunities secured to him under the laws enacted thereunder the Constitution of the

United States. This Defendant is being sued in her individual/personal/official capacities.

8.      At all times herein mentioned, Defendant Chicago Police Officer **Brandon**

**Baylian # 3361 ("BAYLIAN")** was employed by the Chicago Police Department who

2

was acting under color of state law as an employee, agent, and or a representative for the Chicago Police Department that deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted thereunder the Constitution of the United States. This Defendant is being sued in his individual /personal/official capacities.

9.      At all times herein mentioned, Defendant Police Officer **Waldemar Gorczyca Star #17160 ("GORCZYCA")** was employed by the Chicago Police Department who was acting under color of state law as an employee, agent, and or a representative for the Chicago Police Department that deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted thereunder the Constitution of the United States. This Defendant is being sued in her individual/personal/official capacities.

10.     At all times herein mentioned, Defendant Chicago Police Officer **Esteban Ramos Star # 12932 ("RAMOS")** was employed by the Chicago Police Department who was acting under color of state law as an employee, agent, and or a representative for the Chicago Police Department that deprived Plaintiff of rights, privileges and immunities secured to him hereunder the laws enacted under the Constitution of the United States. This Defendant is being sued in her individual/ personal/official capacity.

11.     At all times herein mentioned, Defendant Police Officer **Lee Jackson Star # 12639 ("JACKSON")** was employed by the Chicago Police Department who was acting under color of state law and as an employee, agent, and or a representative for the Chicago Police Department that deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted hereunder the Constitution of the United States. This Defendant is being sued in her individual/personal/official capacities.

12.     At all times herein mentioned, all Defendant Police Officer **JOHN DOE'S** Star

#'s which are unascertainable at this present time, ("**John Doe's**") were employed by the Chicago Police Department who were acting under color of state law as employees, agents, and or representatives for the Chicago Police Department who deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the United States Constitution. These defendants are being sued in their individual/ personal/official capacities.

13.    At all times herein mentioned, the **CITY OF CHICAGO** was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.

 At all relevant times, the City of Chicago maintained, managed, and /or operated the Chicago Police Department under their own municipal powers.

## STATEMENT OF FACTS

14.    On January 3rd 2023, plaintiff, John Doe, was unlawfully stopped (seized) in violation of his 4th amendment securities per directive of defendant Sgt. Olson while he (**Sroga**) was traveling west bound on Belmont Ave. in the city of Chicago by defendants **Gorczyca & Baylian @ approximately 1600 hrs.**

15.    At the time plaintiff was stopped, he was not committing or violating any Federal, State, or Municipal Laws nor were there any outstanding warrants for plaintiff's arrest at any such time to which a reasonable officer could have pin-pointed to prior to seizing the plaintiff.

16.   Upon this traffic stop, plaintiff was immediately pulled from his vehicle and placed in securing devices (handcuffs) essentially being placed under arrest without any provocation, probable cause or reasonable suspicion plaintiff had, was or was about to commit any crimes or criminal offenses'.

4

17. Approximately 15 minutes later (while plaintiff was still in handcuffs), a decision was made to arrest plaintiff **AFTER** on scene defendant officers ran a criminal background inquiry upon him via police computer establishing plaintiff had other encounters with CPD officers.

18. An illegal search was conducted on plaintiff's car **AFTER** he was already arrested and removed from the scene and was done so without warrant or by plaintiff's authorization by defendant officers **Ramos, Jackson, Gorczyca** and **Baylian** after plaintiff specifically informed defendant **Baylian** that he could **NOT** search his vehicle (Per Body Cam Footage).

19. Shortly thereafter, the aforementioned defendants did exactly that and then searched his vehicle A**GAIN** this time later (after plaintiff's vehicle was relocated to the police station) to where financial cards where discovered (in violation of plaintiff's rights) to where he was ultimately charged with a **felony** charge of unlawful possession of credit/ debit cards where this charge then triggered a **VOB** or Violation of Bail Bond allegation against him in case # 15CR12710-01 to where a NO BOND HOLD status was essentially placed upon him from **1-3-23** through **2-1-24** until plaintiff went to trial on that charge.

20. Defendant Detective **Burke**, had firsthand knowledge of this search and condoned the illegal search knowing said search to have been illegal to where a credit card (which had belonged to plaintiff's boss) was discovered to where no one ever showed plaintiff any of these cards so that he could have rightfully answer to said interrogation questions upon the plaintiff offering the truth at hand to Detective **Burke**, defendant Burke in turn stated to plaintiff "that he was on some bole shit" upon being questioned about said financial cards' which were illegally obtained by this illegal search of his vehicle.

**21.** *Plaintiff was essentially Booked on Felony Unlawful Possession of Credit/Debit Cards because of this unlawful search of his vehicle which occurred while plaintiff was already in custody on other misdemeanor allegations only to where his vehicle had been relocated to the Police station.*

**22.** True that, immediately after plaintiff's case under *15 CR 127010-01* was dissolved, the State's Attorney's Office Immediately dismissed the allegation against this plaintiff knowing such discovery was forbidden under the **"fruit of the poisonous tree doctrine"** whereby dismissing plaintiff's felony charge against him on their own intuition in his favor.

**23.** Plaintiff still has several outstanding misdemeanor allegations pending against him under **23 CR 01482** out of Skokie District 2 to which plaintiff is expected to prevail on a Motion to Quash and Suppress the Traffic stop, in that the stop itself violated plaintiff's 4th amendment rights.

**24.** All defendants knew of or should have known that their acts in unlawfully stopping, and then illegally searching plaintiff's vehicle could/would lead to felony charges and the likely hood of said charges could have held plaintiff in CCDOC custody (which it did) for an extended amount of time (which it did) some 393 days because of this illegal search which is being attributed to damages against all of these defendants as such conduct displayed by these defendant officers *"Shocks the Conscience."*

---

**In plaintiff's case under 15CR12710-01 the charge was originally aggravated resisting arrest for which plaintiff went to trial on, a Class 4 Felony, after trail and because of the mistakes that the circuit court made, it's 99% assured (per his appellate counsel) that his conviction for Misdemeanor resisting arrest (which plaintiff was found guilty on) will be vacated and overturned and the charges ordered dismissed from the appellate court to the circuit court on remand. That appeal case # is 1-24-0666 currently in the First District Appellate Court.**

## COUNT I

**Plaintiff against SGT. OLSON, P.O. GORCZYCA & P.O. BAYLIAN on Illegal Seizure of His Person all in violation of 4th Amendment**

25.    Plaintiff hereby re-alleges and reincorporates paragraphs 1-24 as though fully set forth herein.

26.    On Jan. 3rd 2023, Defendant **Officers**, unlawfully and without legal justification stopped plaintiff pursuant to an unjustified TC or Traffic Stop, immediately ordered plaintiff from his vehicle handcuffed him in violation of his 4th amendment securities.

27.    In committing these acts of misconduct described herein, these defendants committed them while acting under color of state law and as the employees, agents, and or representatives for the City of Chicago, Department of Police who deprived plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the United States Constitution pursuant to the 4th amendment.

28.    These defendants unlawful acts resulted in the unlawful seizure of plaintiff and his personal properties which created and still creates an undue burden and hardship on the plaintiff which resulted in the deprivation of plaintiff's rights, property, benefits, use thereof as well as extreme emotional distress and a loss of freedom and financial gain.

29.    By reason of these defendant Officers' conduct, plaintiff was deprived of rights, privileges and immunities secured to him under the fourth as reinforced under fourteenth amendments (under equal protection clause) under the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable for violation(s) to plaintiff's fourth amendment rights secured to him pursuant to 42 U.S.C Section 1983.

## COUNT II

**Plaintiff against Defendant Officers SGT. OLSON, BURKE, GORCZYCA, & BAYLIAN and JOHN DOE Officers' for Conspiracy to Deprive Plaintiff of his Constitutional Right**

**30.** Plaintiff hereby re-alleges and reincorporates paragraphs 1-29 as though fully set forth herein.

**31.** On about Jan. 3rd 2023, Defendant –Officers SGT. *OLSON*, BURKE, GORCZYCA, BAYLIAN and John Doe Officers all acting under color of state law all "held a meeting of the minds who knowingly and intentionally schemed, participated and worked together in a common plan to unlawfully seize and then arrest and then unlawfully search plaintiff's vehicle without provocation, authorization, justification or warrant whereby unlawfully seizing the plaintiff's personal properties without any probable cause, reasonable suspicion of criminal activity, consent or any other legal means or justification to engage in such an egregious police action to do so.

**32.** These Defendant officers essentially held a meeting of the minds to set forth in motion in furtherance of a conspiracy were each of them was a willing participant who knowingly and intentionally deprived plaintiff of his rights, privileges and immunities secured to him under the United States Constitution and the laws enacted there under.

**33.** These defendant officers acted in concert with one another and further conspired with each other to become willing participants whereby acting together to cover one another by knowingly and intentionally giving false, misleading and or incomplete statements and or false versions of events to other officers involved the incident in order to cover up their illegal activities and deeds of misconduct, all of which are "conscience shocking" at least.

34.    By reason of these Defendant Officers conduct, plaintiff was deprived of rights,

privileges and immunities secured to him under the United States Constitution and laws

enacted thereunder. Therefore, these defendants and each of them are liable for Civil

Conspiracy under 42 U.S.C Section 1983.

## COUNT III

**Plaintiff against Defendants SGT. OLSON, DETECTIVE BURKE, GORCZYCA, BAYLIAN, JACKSON, RAMOS and JOHN DOE Officers for unlawful search of plaintiff's vehicle**

35.    Plaintiff hereby re-alleges and reincorporates paragraphs 1-34 as though fully set

forth herein.

36.    Sgt. Olson, Detective Burke, P.O. Gorczyca, P.O. Baylian, P.O. Jackson, P.O.

Ramos and any other John Doe P.O.'s unlawfully searched plaintiff's vehicle on at least

two separate occasions, first, while plaintiff was already arrested and enroute to the 016

Police District (Per Body Cam Discovery shows all but detective Burke and SGT. Olson)

unlawfully searching in plaintiff's vehicle which also included an unlawful search of

plaintiff's vehicle trunk.

37.    At the Police Station, plaintiff's vehicle was searched again (after being relocated

off of the scene) more extensively this time (all without warrant, authorization or

justification to do so) where the discovery of financial cards (not in plaintiff's name)

where discovered which essentially led to the felony charge placed against him.

38.    All these named defendants failed to exercise diligently in one way or the other

which violated their own "*duty*" as sworn members of the Chicago Police Department in

the preservation and prevention of plaintiff's constitutional rights from being maliciously,

egregiously and wantonly violated in a reckless manner by fellow police personnel.

39. It was this illegal search in violation of this plaintiff's 4th amendment constitutional rights being violated which triggered a felony charge/felony case being placed against him which caused a VOB being filed against him in case # 15 CR 12710-01 to where plaintiff was held in CCDOC custody for some **393 Days on a NO BOND HOLD** per circuit court judge **Kenneth J. Wadas** which attributed to this plaintiff's injuries.

40. By reason of these defendant officers conduct, plaintiff was deprived of rights, privileges and immunities secured to him under the United States Constitution and laws enacted thereunder. Therefore, these defendants and each of them are liable for violating plaintiff's 4th amendment (as reinforced by the 14th amendment) rights pursuant to 42 U.S.C Section 1983.

## COUNT IV

**SGT. OLSON, BURKE, GORCZYCA, BAYLIAN, JACKSON, RAMOS and JOHN DOE P.O.'s - Failure to Exercise their Duty to Intervene Pursuant to Sections 1983**

41. Plaintiff hereby re-alleges and reincorporates paragraphs 1-40 as though fully set forth herein.

42. **SGT. Olson, Burke, Gorczyca, Baylian, Jackson, Ramos** and John Doe Defendant-Officers acting within the scope of their employment under color of state law all had a duty to protect plaintiff's constitutional rights and securities, this includes a **"duty to intervene"** in the deeds of misconduct generated by their fellow colleagues and Supervisors as clearly described and outlined in the above accounts.

---

**Sadly, under extreme damages being claimed in this case, plaintiff's father died the day he got out on February 1st 2024 @ approximately 2:30 pm in the afternoon to which plaintiff did not get home until 9 pm that night whereby coming home and discovering his father being deceased in his bed essentially missing his father by about 8 hours. Not only this, but plaintiff also lost a potential love interest/relationship because of this illegal search which led to him being placed in CCDOC custody for over 393 days to where he wasn't available to progress in said relationship because of his in-custody status.**

43. All these named defendants failed to exercise diligently in one way or the other which violated their own "*duty*" as sworn members of the Chicago Police Department in the preservation and prevention of plaintiff's constitutional rights from being maliciously, egregiously and wantonly violated in a reckless manner by fellow police personnel.

44. Such duty by not engaging in such a Duty to Intervene "*shocks the conscience.*"

45. By reason of these defendants conduct by "Failing to Intervene," plaintiff was deprived of rights, privileges, and immunities secured to him by the fourth and fourteenth amendments of the United States Constitution and of the laws enacted thereunder. Therefore, all Defendants and each of them are liable to plaintiff for *Failure to Intervene* Pursuant to 42 U.S.C. Section 1983.

## COUNT V

**Plaintiff against Defendant SGT. *OLSON* for Supervisory Liability- 1983 Claim**

46. Plaintiff hereby re-alleges and reincorporates paragraphs 1-45 as though fully set forth herein.

47. Defendant Sgt. *OLSON* is a Supervising Sergeant working for the Chicago Police Department who was on scene that day concerning the aforementioned.

48. On January 3rd 2023, Defendant Supervisor Sgt. *OLSON* not only engaged in, but, encouraged and then allowed such illegal activity to transpire while knowingly and unreasonably without any exigent circumstances, probable cause, reasonable suspicion, consent, or any other lawful basis to ascertain any such police action against this plaintiff.

49. The actions by defendant SGT. *OLSON* a Supervising Sgt. for the Chicago Police Department by condoning, encouraging and then allowing plaintiff and his properties to be unlawfully seized and then falsely arrested without any reasonable articulable

suspicion of criminal activity, probable cause, consent or any other legal justification to

do so violated plaintiff's fourth amendment rights (to be free from unreasonable searches

and seizures) as reinforced by the fourteenth amendment (equal protection clause) to the

United States Constitution and the laws enacted thereunder.

**50.** Defendant Sgt. *OLSON* not only failed to exercise a *"Duty to Intervene"* as

Supervisor of these other named defendant officers, defendant *OLSON* approved,

encouraged, condoned, and thus, turned a blind eye to the substantial number of

constitutional violations that deprived plaintiff of his constitutional securities.

**51.** By reason of defendant SGT. *OLSON* egregious conduct, plaintiff was in fact

deprived of rights, privileges and immunities secured to him under the fourth amendment

to the United States Constitution and of the laws enacted thereunder. Therefore,

defendant *OLSON* is liable under the *Supervisory Liability Doctrine* pursuant to 42

U.S.C Section 1983.

---

Plaintiff and SGT. OLSON have been aquatinted in the past as SGT. OLSON oversees and supervises the Chicago Police Auto Theft Division which said division is more interested in catching auto car-jackings these days (a robbery), rather than investigating Auto Theft related crimes which they organized and supposed to do. How plaintiff and defendant OLSEN became acquainted was approximately 4 years ago when plaintiff (through the encouragement of one *John Brasil* a former Head in the State's Attorney's Office) directed plaintiff to the Chicago Police Auto Theft Division involving personal auto theft related crimes against his vehicles (10 of them) by a private relocator by the name of Render Services Inc., a known towing agency involved in essentially stealing people's vehicles. The two had a meet and greet at the Kedzie & Harrison Police Station whereby conversating in person to where the case was eventually handed over to the ICC Police (which plaintiff requested not to be done). In a follow up phone conversation with SGT. OLSON, *SGT. OLSON* told plaintiff to "GO FUCK HIMSELF" upon slamming the phone down on plaintiff. Based upon that, plaintiff notified the Chief of Detectives to report SGT. OLSON's conduct in connection to this phone conversation to where the message got back to the Auto Theft Division to where another Detective contacted the plaintiff in return all in an effort to smooth things over with him and to get the plaintiff to "cool down." Fast forward now to August 2024, at a Funeral for one John or Johnny "Quarters" Boyle (a known convicted felon and a person who has been associated with organized crime), the two met again introducing one another by shaking each other's hands as plaintiff doesn't belief SGT. OLSON realized or recognized who he was. The importance of this, is not only did John" Quarters" Boyle have substantial clout from within the City, plaintiff is aware of Chicago Police Officers that have been promoted to higher ranks from within the Department based upon John "Quarters" Boyle's clout establishments and his ties to organized crime figures. Why would SGT. OLSON be hanging around a person like John "**QUARTERS**" Boyle being a sworn member of the Chicago Police Department in violation of Department policy under **RULE 47** - "**Associating or fraternizing with any person known to have been convicted of any felony…**" Who knows, maybe SGT Olson maybe able to shed some light on this subject during depositions into the cause as to why he's been in constant violation of Department *RULE 47*?

## COUNT VI

**Plaintiff against all Defendants for Intentional Infliction of Emotional Distress**

52. Plaintiff hereby re-alleges and reincorporates paragraphs 1-51 as though fully set forth herein.

53. Defendant police officers and City personnel while acting under color of state law, deprived plaintiff of multiple constitutional rights, securities, privileges and immunities secured to him under the fourth and fourteenth amendments of the United States Constitution.

54. This conduct complained of transpired during the defendant's scope of employment working for the City of Chicago as Police Officers or other agents for the City of Chicago as its primary employer.

55. These willful acts of misconduct by all named defendants as set forth above were extreme, outrageous, wanton, and were undertaken with malice, a willfulness and reckless indifference to the plaintiff's constitutional rights.

56. The defendant's actions were intended to cause by exercising a reckless disregard of the probability that their conduct would cause, severe emotional distress to plaintiff in addition to violating plaintiff's rights secured to him under the U.S.C.

57. As a direct and proximate result of these defendants wrongful acts and conduct, defendants did so directly and proximately cause plaintiff to suffer severe and extreme damages including, but, not limited to, financial, severe mental and emotional distress, physical damage, mental distress and anguish, anxiety, fear, humiliation, traumas, loss of liberty, loss of personal property, loss of employment, destruction of reputation, all in

13

relation to and retaliation, whereby wanton of inflicting intentional infliction of emotional distress.

## COUNT VII

### - MONELL CLAIM

**Plaintiff against Defendant City of Chicago for a Claim of Municipal Liability under _Monell_ for Failure to Train, Supervise and Discipline its Officer Agents'**

**58.**   Plaintiff hereby re-alleges and reincorporates paragraphs 1-57 as though fully set forth herein.

**59.**   The Defendant City of Chicago is a Municipal corporation established under its own "Home Power Rules" and Regulations.

**60.**   The Defendant City of Chicago failed to take the necessary precautions to either adequately Train, Monitor, Supervise, and or Discipline its Personnel Agent Officers.

**61.**   Defendants Olson, Burke, Baylian, Ramos, Jackson, Gorczyca and or John Doe Defendants are part or were part of the Chicago Police Department that has engaged in this type of widespread practice concerning such conduct as complained of by the plaintiff before.

**62.**   Such conduct includes officers seizing and arresting people before ascertaining proper grounds or "**_Probable Cause_**" to do so to later make up reasons or justify their actions later for an arrest by running individual's names via police computer data base in an effort to justify their egregious actions.

**63.**   It also includes unlawful Police intrusions which persists against individuals' occupying his/her vehicle for the "**Sole**" purpose of having said persons removed /extracted from their vehicles just so that their vehicles can be searched mostly looking for weapons without a legal cause or justification to do so or believe that a weapon is

present in a vehicle essentially acting off of a "HUNCH" or going on a "FISHING EXPEDITION" in search of other criminal offenses and proclaiming such police action was lawfully taken pursuant to the "INCIDENT TO ARREST" Doctrine.

64. By failing to take action in relation to circumstances such as these, the Defendant City of Chicago and its officer defendants intentionally worked and continues to work a "*deliberate indifference*" to plaintiff's and others constitutional rights.

65. These deliberate indifferences can only be attributed to the City of Chicago's "Failure to Monitor, Train, Supervise and or Discipline its agents" for such conduct.

66. Under *Monell*, a local government can be sued under 42 U.S.C. sections 1983, when the local government's failure to train its officer agents constitutes a "*deliberate indifference*" to a person's constitutional rights, **the local government is liable** to that person for his injuries. *Canton v. Harris* U.S. 378, 388-89, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Rejecting that *Monell* only applies to a written policy which led to the constitutional deprivation. Therefore, defendant *city of Chicago* is liable under the *MONELL Doctrine* of liability pursuant to 42 U.S.C Section 1983.

---

## COUNT VIII

### *RESPONEAT SUPERIOR / VICARIOUS LIABILITY*

67. Plaintiff hereby re-alleges and reincorporates paragraphs 1-66 as though fully set forth herein.

68. All Defendants either are or were members of the Chicago Police Department and or agents working for the City of Chicago at the time these events occurred.

69. In committing these willful and wanton acts against plaintiff, these defendants

committed them while acting under color of state law during the scope of their employed activities.

**70.** Defendant City of Chicago is the local government and the employer of all named Defendants.

**71.** Pursuant to *respondeat superior*, defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**72.** As a proximate cause of defendant officer's unlawful acts which occurred within their scope of employed activities, plaintiff suffered severe and extreme damages including but not limited to, financial, severe psychological, mental and emotional distress, physical damage, mental distress and anguish, anxiety, fear, humiliation, traumas, loss of liberty, loss of personal property, destruction of reputation, loss of employment and a potential loss of his professional careers to come.

## COUNT XII

### Indemnification Claim Pursuant to 745 ILCS 10/9-102

**73.** Illinois law provides those public entities are directed to pay any tort judgment compensatory damages from which employees are liable within the scope of their employment activities.

**74.** The acts of the individual defendant – officers described in the aforementioned claims were not only egregious, but were willful, wanton and maliciously committed during the scope of their employment as State of Illinois Certified, City of Chicago empowered Police Officers.

75. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this cause arising from the actions of their aforementioned defendant personnel and its officers.

**WHEREFORE**, plaintiff Kevin Sroga, respectfully moves this Honorable Court to enter judgment as follows against these defendants, and each of them on every claim:

a) That the defendants be required to pay plaintiff, compensatory damages including extreme emotional distress, in a sum to be determined at trial;
b) Award special damages in a sum to be determined at trial;
c) Award extreme exemplary and punitive damages, in a sum to be determined at trial;
d) Require the defendants to pay the plaintiffs costs of the suit herein incurred;
e) Require and or Award any such other and additional relief that this Honorable Court deems just and equitable.
f) Order Defendant CITY OF CHICAGO to indemnify the defendant-officers for any judgments entered in this case arising from their actions.

**This Plaintiff, Kevin Sroga, Hereby Requests a Trial by Jury on each and every Count of his Compliant**

**Respectfully submitted,**

**Kevin Sroga, Pro Se Plaintiff**

Kevin Sroga
7915 w. Cressett Dr.
Elmwood Park, IL 60707
**312-536-3864**

17